UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEFFREY DAVIS, | ) | CASE NO. 1:11 CV 2154 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT FARLEY, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Jeffrey Davis's above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (**ECF No. 1**). Petitioner, who is incarcerated at the Federal Satellite Location in Elkton, Ohio ("F.S.L. Elkton"), seeks to vacate the sentence he is currently serving because he is "actually innocent." He also filed a Motion for Immediate Release on Bail (**ECF No. 2**), s Motion for Expedited Ruling on Petition for Writ of Habeas Corpus (**ECF No. 4**) and a Motion for Expedited Ruling on Motion for Release on Bond (**ECF No. 5**). All three Motions are **DISMISSED AS MOOT**, and the Petition before this Court is **DENIED**.

BACKGROUND

The United States Attorney's Office filed a criminal complaint against Petitioner on April 28, 2006. Petitioner was arrested on the same date. After a detention and preliminary hearing on May 4, 2006, a federal grand jury returned a two count indictment against Petitioner. He was charged with possession with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A) and with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). *See United States v. Farley*, No. 1:06-cr-00257 (N.D. Ohio 2006). After pleading not guilty at his arraignment, Petitioner subsequently entered into an agreement with the United States to change his plea to guilty on September 26, 2006.

This Court granted a request to withdraw as counsel for Petitioner on March 26, 2007. Two days later, new counsel entered an appearance on behalf of Petitioner. On April 23, 2007, Petitioner moved to withdraw his guilty plea. He claimed he did not own the drugs and firearms seized from a locker in his apartment building. Instead, he declared the drugs belonged to an individual whom he feared would harm his family if he disclosed the truth. After learning of the individual's death in January 2007, he alleges he was able to recant his original admission of guilt. The motion was denied after a hearing was held May 1, 2007. Petitioner was sentenced to a term of 168 months imprisonment on May 18, 2007.

Petitioner appealed the denial of the motion to withdraw his guilty plea, as well as the conviction and sentence.[1] Pending review of Petitioner's appeal, attorney Robert A. Ratliff

---

[1] A Notice of Appeal was filed by counsel challenging the denial of Petitioner's request to change his plea, as well as his sentence. On the same date, Petitioner also filed a Notice of Appeal *pro se*, challenging his sentence. Petitioner's appeal was dismissed by the Sixth Circuit as a duplicate.

entered an appearance on behalf of Petitioner. He filed an appeal on Petitioner's behalf challenging the denial of his Motion for Reconsideration of the denial of his Motion for Appeal Bond. This appeal was dismissed on August 22, 2008 for want of prosecution.

The Sixth Circuit Court of Appeals granted the United States' Motion to Dismiss Petitioner's appeal, but without prejudice to any collateral attack regarding his ineffective assistance of counsel claim. Further, Petitioner's Motion to Remand was denied as moot.

On March 16, 2009, attorney Suzanna Kostovski moved to appear *pro hac vice* on behalf of Petitioner. The same date, Petitioner filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. *See Davis v. United States*, No. 1:09cv0570 (N.D. Ohio filed Mar.16, 2009). The motion was dismissed with prejudice on August 18, 2009. *Id.* at 3. Petitioner filed a Motion to Alter or Amend the Court's denial of his Motion to Vacate, which was denied. He appealed the Court's denial of his Motion to Alter or Amend to the Sixth Circuit on October 9, 2009.

On August 19, 2010, Petitioner filed a second Motion to Alter or Amend the Court's denial of his Motion to Vacate. The motion was construed as a Federal Civil Rule 60(b) Motion for Relief from Judgment and denied. On October 1, 2010, the Sixth Circuit denied what it construed as Petitioner's request for a certificate of appealability to file his second appeal on October 9, 2009. Two years later, the present Petition followed.

Petitioner now argues he is entitled to habeas relief because he is actually innocent of the crime for which he was convicted. He asserts his appellate counsel was ineffective for failing to raise two critical issues on appeal. First, he alleges the trial court violated Rule 11 of the Federal Rules of Civil Procedure because Petitioner did not understand

-3-

the nature of the charges against him and "no one ever explained what conduct to which he engaged in constituted the elements of these charges."(Pet at. 26.) Secondly, he claims he was denied due process because of prosecutorial misconduct during the suppression hearing. Specifically, he claims a government witness provided false and misleading testimony that created probable cause where no probable cause existed to arrest him on April 28, 2006. Because his appellate counsel failed to raise these issues on appeal, there is a reasonable probability he would have prevailed 'but for' counsel's unreasonable failure.

## 28 U.S.C. § 2241

Claims asserted by federal prisoners seeking to challenge their convictions or the imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). When a prisoner seeks to challenge the execution or manner in which his sentence is served, his claim must be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).

Here, Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 is clearly challenging his conviction. To that end, section 2255 does provide a safety valve provision wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). A prisoner cannot argue § 2255 is inadequate or ineffective, however, merely because he is unable to obtain relief under that provision. *See e.g., Charles v.*

*Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Further, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

Petitioner argues he has made a "showing of actual, factual innocence" that entitles him to relief under §2255's savings clause. He maintains constitutional violations "permeated" his case, and it would be a miscarriage of justice if his writ were not granted. What he does not argue or explain is why his §2255 remedy is inadequate or ineffective. It is the prisoner's burden to prove his remedy under § 2255 is inadequate or ineffective in order to pass scrutiny under the savings clause which section 2255 provides. *See Charles*., 180 F.3d at 756.

The record in this case shows Petitioner appealed his conviction and filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. The Sixth Circuit's denial of a certificate of appealability and his Motion to Vacate do not entitle him to now challenge his sentence pursuant to § 2241. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Most "actual innocence" cases which have qualified under the savings clause concerned a challenge to a statute for which the prisoner's conduct no longer constituted a crime. *See United States v. Peterman*, 249 F.3d 458, 462 (6th Cir.), *cert. denied*, --- U.S. ----, 122 S.Ct. 493

(2001). As an example, after the Supreme Court narrowed the definition of "use" in 18 U.S.C. § 924(c), *see Bailey v. United States*, 516 U.S. 137 (1995), many prisoners found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory interpretation, rather than a new retroactive rule of constitutional law. *See* 28 U.S.C. § 2255; *Peterman*, 249 F.3d at 462. Thus, *Bailey* claims were permitted to be brought under § 2241. The Sixth Circuit has explained that in order "'[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003)(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In this regard, "actual innocence" means factual innocence, rather than mere legal insufficiency. *Id.*

The claims Petitioner raises could have and were already addressed by this Court. The Court already determined Petitioner was not entitled to withdraw his guilty plea after the alleged owner of the drugs and firearms died. As the Court noted in the Memorandum of Opinion denying his Motion to Vacate:

> The Court denied Petitioner's Motion to Withdraw Guilty Plea because: 1) the motion was made more than seven months after his guilty plea; 2) months after pleading guilty, Petitioner offered to cooperate with law enforcement in return for a downward departure; and 3) the Court did not find Petitioner's testimony credible. Specifically, the Court did not find credible Petitioner's testimony that he pleaded guilty out of fear of harm by an individual he last saw "15 years ago," (ECF No. 68 at 12), who he alleges "was responsible for putting the drugs and guns in the locker" (*Id.* at 5). The Court took exception when Petitioner claimed that several people had informed him of the threat of harm, but when pressed for details he could only provide a vague recollection of one person telling him of the threat in a letter the whereabouts of which Petitioner could not specifically recall. Id. at 51. Thus, Petitioner had every opportunity to testify to material facts that would have been included in an affidavit but the Court

-6-

> did not find this testimony credible. Submission of a signed affidavit would not have impacted the Court's decision.

*Davis*, No. 1:09cv570, at 6-7 (citing No.1:06-cr-00257 (Doc #: 104)). The Court explicitly rejected Petitioner's claim that his guilty plea was not knowingly entered. *See id.* at 10 ("Court rejects Petitioner's contention that his plea was not intelligent and that but for counsel's deficient performance he would not have pleaded guilty.") Thus any question that appellate counsel's performance is responsible for the incarceration of a man who is innocent of a crime to which he pled guilty, has already been asked and answered in the negative. More importantly, Petitioner's claims do not entitle him to §2241 relief. Unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, *see, e.g., Davenport*, 147 F.3d at 611, Petitioner had the opportunity to raise his claim in a § 2255 motion to vacate and did so, albeit unsuccessfully. *See Barnes v. Booker*, No. 03-6625, 2004 WL 2320318, at *1 (6th Cir. Sept. 21, 2004)).

## CONCLUSION

Based on the foregoing, the Petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    */s/Dan Aaron Polster 12/9/11*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE